RENDERED: APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0947-ME

JAMES A. SOUTHERN,
INDIVIDUALLY AND ON BEHALF
OF ALL SIMILARLY SITUATED
INDIVIDUALS                                                                       APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE A.C. MCKAY CHAUVIN, JUDGE
                    ACTION NO. 11-CI-006501


SCI KENTUCKY FUNERAL                                                  APPELLEE
SERVICES, INC.


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  James A. Southern appeals from the Jefferson Circuit

Court's July 27, 2020, order denying his motion to certify a class action that he and

others similarly situated were not paid for all hours worked (including meal, rest

time breaks, and overtime hours worked).  After careful review, we affirm.

The facts, as summarized by the circuit court, are as follows:

> Mr. Southern was employed by SCI [Kentucky Funeral Services, Inc.] as a funeral director. In his Complaint, Mr. Southern alleges that, contrary to SCI's written policies requiring funeral directors to accurately reflect time in and time out for all hours of work (including lunch breaks, overtime, and work performed while on-call), he was required to record eight (8) hours of work per day, even when he worked through lunch or break times. Mr. Southern further alleges that SCI failed to provide mandatory breaks or compensate him for on-call time and community marketing activities. He brought the above-styled suit against SCI alleging violations of the Kentucky Wages and Hours Act, breach of contract, and unjust enrichment. Mr. Southern now seeks class certification on his claims for all current and former funeral directors who were employed by SCI.

Southern's suit against SCI was originally brought in 2011. He sought to certify the proposed class by motion filed on December 18, 2019. SCI responded to the motion on February 7, 2020, and the circuit court held a hearing telephonically on May 20, 2020, and entered its order denying on July 27, 2020. This interlocutory appeal was filed by Southern pursuant to Kentucky Rules of Civil Procedure (CR) 23.06.[1]

---

[1] CR 23.06 states, "An order granting or denying class action certification is appealable within 10 days after the order is entered. An appeal does not stay proceedings in the circuit court unless the circuit judge or the Court of Appeals so orders. The matter shall be expedited in the appellate courts."

Our standard of review of the circuit court's decision whether to certify a class action is stated succinctly in *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430 (Ky. 2018):

> A trial court's determination as to class certification is reviewed on appeal for an abuse of discretion. Under an abuse-of-discretion standard, this Court may reverse a trial court's decision only if "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the [trial] court's inherent power to manage and control pending litigation." Importantly, "As long as the [trial] court's reasoning stays within the parameters of [CR] 23's requirements for certification of a class, the [trial court's] decision will not be disturbed."

*Id.* at 444 (footnotes omitted). "[T]he only question that is before us is: Was the trial court's decision to certify [or not to certify] the class in this case 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles?'" *Id.* at 445.

CR 23.01 ("Prerequisites to class action") states in its entirety:

> Subject to the provisions of Rule 23.02, one or more members of a class may sue or be sued as representative parties on behalf of all only if (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

Furthermore:

The circuit court's order "must address the four prerequisites of CR 23.01 (numerosity, commonality, typicality, and adequacy) and one of the three requirements of CR 23.02." *Nebraska Alliance Realty Company v. Brewer*, 529 S.W.3d 307, 317 (Ky. App. 2017). The party seeking certification bears the burden of proof. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) (citation omitted). *See also Manning v. Liberty Tire Services of Ohio, LLC*, 577 S.W.3d 102, 110 (Ky. App. 2019) (citing *Young*, 693 F.3d at 537).

*Summit Medical Group, Inc. v. Coleman*, 599 S.W.3d 445, 449 (Ky. App. 2019), *reh'g denied* (Mar. 17, 2020).

Here, the circuit court addressed the four prerequisites of CR 23.01, beginning with numerosity. Because, as the court stated, "SCI does not appear to dispute whether Mr. Southern has presented sufficient evidence of record on the issue of numerosity," that issue did not need to be discussed further. We, likewise, will not address the issue of numerosity.

Regarding commonality, the circuit court made the following findings and conclusions:

The lynchpin of the commonality analysis is whether the class claims depend upon a common contention that is capable of class-wide resolution (i.e. that determination of its truth or falsity will resolve an issue that is central to the validity of a claim common to every member of the class). *Hensley v. Haynes, Trucking, LLC*, 549 S.W.3d 430, 447 (Ky. 2018); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Mr. Southern is, as a preliminary matter, only required to make a modest factual showing sufficient to demonstrate

-4-

> that he and the putative class members were victims of a common policy or plan that violated the law. *England v. Advance Stores Co., Inc.*, 263 F.R.D 423, 454 (W.D.Ky. 2009). He has failed to do so.
>
> Mr. Southern[] contends that SCI had an unwritten *de facto* policy of requiring its hourly wage funeral directors to work off-the-clock and to work without their statutorily mandated lunch and rest breaks. To the extent that this may be true with respect to Mr. Southern, there is insufficient evidence of record to allow the Court to find [either] that all members of the class were subject to this unwritten *de facto* policy or were damaged as a consequence of SCI violating same.

Southern argues that this finding is not supported by the record and that the circuit court "fail[ed] to give credence to the key dispute common to all class members," (*Manning*, 577 S.W.3d at 113) namely, that SCI's wage and hour practices violated Kentucky law and resulted in breach of contract with the class members and unjust compensation to SCI.

We disagree. It was incumbent on Southern to demonstrate, in support of this argument, that proof of the unwritten policy existed, and that other class members were affected by it.

> The U.S. Supreme Court in *Wal-Mart Stores, Inc. v. Dukes* highlighted the focus of the commonality question: Whether the class plaintiffs' claims "depend upon a common contention . . . that is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." This Court has also expounded on the commonality requirement: "CR 23.01(b) requires that there must be

-5-

questions of law or fact common to the class, but it does not require that all questions of law or fact be common."

*Hensley*, 549 S.W.3d at 443 (footnotes omitted). "To say that the trial court's decision lacked sufficient evidentiary support is to ignore the copious amount of discovery and exhibits in this case[.]" *Id.* at 446. "[T]he record shows the trial court adequately grasped the potential differences among class members and how they may affect this case in further proceedings." *Id.* at 448. We cannot agree with Southern that the circuit court's finding that he failed to make a showing of commonality was clearly erroneous or an abuse of discretion. *Id.* at 444.

We next address the issue of typicality, satisfied when the claims and defenses "arise from the same event, practice, or course of conduct that gives rise to the claims of other class members and if the claims of the representative are based on the same legal theory." *Id.* at 443. Regarding typicality, the circuit court held thus:

> The only evidence of record is testimony by Mr. Southern that he was subject to an unwritten *de facto* policy requiring him to perform work without compensation and/or mandatory rest periods at the SCI funeral home where he worked. SCI engaged in the same conduct with respect to all of its funeral directors at all funeral homes owned by SCI. It does not follow that the alleged unwritten *de facto* policy existed at every funeral home owned by SCI. There is, moreover, significant evidence of record that indicates that funeral directors at other SCI funeral homes did not share Mr. Southern's experience. See *England v. Advance Stores Co. Inc.*, 263 F.R.D. 423, 451 (W.D.Ky. 2009).

Again, the record supports the circuit court's determination. This analysis comports with *Hensley*, and we find no abuse of discretion in holding that the typicality requirement was not met. *Id.* at 444; CR 23.01(c).

The final CR 23.01 consideration is whether "the representative parties will fairly and adequately protect the interests of the class." On that subject, the circuit court held:

> The adequacy requirement tends to merge with the commonality and typicality criteria, in that they serve as guideposts for determining whether maintenance of a class action is economical, and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. *Manning v. Liberty Tire Servs. of Ohio, LLC*, 577 S.W.3d 102, 115-16 (Ky.App. 2019); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). More particularly, the Court must determine whether Mr. Southern: **(1)** has a common interest with the unnamed members of the class; and **(2)** will vigorously prosecute the interests of the class through qualified counsel. *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 443 (Ky. 2018). In so doing the Court looks at whether he is a part of the class and possessed the same interest and suffered the same injury as the potential class members. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 592, 625-26 (1997). There is insufficient evidence of record for the Court to find that such is the case.
>
> While it may be *possible* that Mr. Southern has a common interest with the unnamed class members, there is no evidence of record that any other funeral directors employed by SCI have suffered the same alleged injury as Mr. Southern. In the absence of same, Mr. Southern

cannot meet his burden to establish that he will fairly and adequately protect the interests of the proposed class.

The circuit court's analysis regarding adequacy comports with Kentucky law. Furthermore, "[t]he representative must not have any significant interests antagonistic to or conflicting with those of the unnamed members of the class." *Hensley*, 549 S.W.3d at 443 (footnote omitted). We find no error in the circuit court's determination that Southern did not demonstrate that he could adequately represent the class. *Manning*, 577 S.W.3d at 116.[2]

In the present case, we find no abuse of discretion in the circuit court's decision. *Hensley*, 549 S.W.3d at 443.

Based on the foregoing, we affirm the Jefferson Circuit Court's July 27, 2020, interlocutory order denying Southern's motion for class action certification.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael D. Grabhorn
Andrew M. Grabhorn
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michelle D. Wyrick
Louisville, Kentucky

---

[2] SCI did not dispute that class counsel could not adequately represent the plaintiffs in this action. We agree with the circuit court that the issue of class counsel did not need to be addressed.

-8-